FILED
 2015 Mar-13 PM 02:25
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REX DAVID NORRIS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  2:15-cv-00423-HGD |
| ) | |
| MANHEIM REMARKETING, INC., ) | |
| ) | |
| Defendant ) | |

## REPORT AND RECOMMENDATION

This action was commenced in the Circuit Court of Jefferson County, Alabama, when plaintiff, Rex David Norris, filed a complaint against defendant, Manheim Remarketing, Inc.  The complaint alleges causes of action under the Alabama Worker's Compensation Act, *Ala. Code* § 25-5-1, *et seq*., and the Fair Labor Standards Act (FLSA). (Doc. 1-1 at 4-11, Complaint). Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c).

A claim arising under the worker's compensation act of a state is not removable to federal court.  *See* 28 U.S.C. § 1445(c).  However, 28 U.S.C. § 1441(c)(1)(B) provides that "[i]f a civil action includes . . . a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, . . . the entire action may be removed if the action would be

removable without the inclusion of the claim described in subparagraph (B)." Further, 28 U.S.C. § 1441(c)(2) provides:

> Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

The court notes that it has original and concurrent jurisdiction of a claim under the FLSA. *See* 28 U.S.C. § 1331, 29 U.S.C. § 216(b). Therefore, an action arising solely under the FLSA would be removable from state court to federal court. *See Brener v. Jim's Concrete of Brevard, Inc.*, 292 F.3d 1308 (11th Cir. 2002), *aff'd*, 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003) (FLSA action, once started in state court, was removable to federal court).

Pursuant to 28 U.S.C. § 1441(c)(2), this court is required to sever plaintiff's worker's compensation claim from the FLSA claim and remand the worker's compensation claim to the Circuit Court of Jefferson County while retaining jurisdiction over the FLSA claim. *Cf. Shaw v. Ring Power Corp.*, 917 F.Supp.2d 1221 (N.D.Fla. 2013) (court required to sever and remand non-removable state-law worker's compensation retaliation claim from claim under Family Medical Leave Act). The use of the word "shall" in the statute leaves no room for discretionary retention of the worker's compensation claim. The statute also does not require that

the court wait for a motion from a party to sever and remand the nonremovable claim although defendant does seek that action in its Notice of Removal. *See* Doc. 1 at 3.

Accordingly, it is RECOMMENDED that plaintiff's claim in Count One of his complaint seeking relief under the Alabama Worker's Compensation Act be SEVERED and REMANDED to the Circuit Court of Jefferson County, and that this court RETAIN jurisdiction over plaintiff's claim in Count Two of his complaint for violation of the FLSA.

### NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33

(11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 13th day of March, 2015.

/s/ Harwell G. Davis, III
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE