FILED

2015 Aug-24  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **REX DAVID NORRIS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:15-CV-00423-MHH** |
| | } | |
| **MANHEIM REMARKETING,** | } | |
| **INC.,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This opinion concerns a proposed FLSA settlement.  In his complaint, plaintiff Rex David Norris contends that defendant Manheim Remarketing, Inc. violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.  The parties have agreed to settle the FLSA claim, and they have asked the Court to review the terms of the proposed settlement.  (Doc. 18).  For the reasons stated below, the Court approves the settlement because it is a fair and reasonable compromise of a bona fide dispute.

## I.    BACKGROUND

Mr. Norris filed suit in the Circuit Court of Jefferson County on February 3, 2015.  Mr. Norris alleges that Manheim Remarketing violated the FLSA and the Alabama Workers' Compensation Act, Ala. Code §§ 25-5-1 *et seq*. (Doc. 1, pp. 9,

10, 12).  Manheim Remarketing removed the case to the United States District Court for the Northern District of Alabama.  (Doc. 1, pp. 1–4).  The Court severed and remanded to the Circuit Court of Jefferson County Mr. Norris's Alabama Workers' Compensation Act claim.  (Doc. 9).

In his complaint, Mr. Norris states that he worked for Manheim Remarketing as a wrecking operator from 2006 until November 2014.  (Doc. 1, p. 10).  Mr. Norris claims that he was not properly compensated for the overtime hours that he worked for the defendant, and he seeks unpaid wages and liquidated damages under the FLSA and reasonable costs and attorney's fees.  (Doc. 1, pp. 13, 14).  Manheim Remarketing disputes Mr. Norris's claim.   Manheim Remarketing contends that the FLSA's Motor Carrier Act ("MCA") exemption, found at 29 U.S.C. § 213(b)(1), relieves the company of its obligation under the FLSA to pay overtime.

After a period of discovery, the parties were unable to resolve their dispute over the MCA exemption.  Therefore, they have reached a compromise.   In exchange for dismissal of this action with prejudice, Manheim Remarketing has agreed to pay Mr. Norris $3,000.00. (Doc. 18, ¶ 13).  Half of the $3,000.00 settlement payment consists of unpaid wages, and half consists of liquidated damages.  (Doc. 18, ¶ 13).  Manheim Remarketing also has agreed to pay $3,250.00 in attorney's fees.  (Doc. 18, ¶ 14).

2

On this record, the Court considers the parties' motion to approve the proposed settlement of Mr. Norris's FLSA claim.

## II.    DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'  Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a).  Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of "overwork" as well as "underpay."'" *Barrentine*, 450 U.S. at 739 (emphasis in original).  In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs.  29

U.S.C. § 216(b).  "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945).  "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.  To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353; *see also Hogan*, 821 F. Supp. 2d at 1281–82.[1]  "[T]he parties requesting

---

[1] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the

review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide also should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

Under 29 U.S.C. § 213(b)(1), the overtime provisions of the FLSA do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49," otherwise known as the Motor Carrier Act. 29 U.S.C. § 213(b)(1). "[T]he MCA confers upon the Secretary of Transportation the authority to regulate the maximum hours of service of employees who are employed (1) by a common carrier by motor vehicle; (2) engaged in interstate commerce; and (3) whose activities directly affect the safety of operations of such motor vehicles." *Abel v. S. Shuttle Servs., Inc.*, 631 F.3d

---

settlement for fairness." 679 F.2d at 1352–53 (footnotes omitted). The Eleventh Circuit reiterated the import of *Lynn's Food* in *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

1210, 1213 (11th Cir. 2011) (internal quotation marks omitted).    However, employees who meet the above criteria at some point in time are not subject to the Secretary of Transportation's authority indefinitely.    *Reich v. Am. Driver Serv., Inc.*, 33 F.3d 1153, 1156 (9th Cir. 1994).  The MCA exemption covers drivers only for a four-month period from the last date on which they drove in interstate commerce or were "subject to being used in interstate commerce."  *Id.* at 1156 (quoting 46 Fed. Reg. 37,902-02 (1981)).

The MCA exemption lies at the heart of the parties' disagreement over Mr. Norris's unpaid wages.  Mr. Norris contends that a change in Mr. Norris's duties at the end of January 2015 removed him from the MCA exemption because he no longer made or was subject to making interstate trips.  (Doc. 18, ¶ 11).  As part of their settlement negotiations, the parties reviewed the "haul out" records for Mr. Norris, "which documented the location of the pickup or delivery and the date of each trip." (Doc. 18, ¶ 9).  "[T]he parties agree that there is virtually no likelihood of Plaintiff recovering any overtime wages for the period of time up until February of 2015." (Doc. 18, ¶ 10).

Mr. Norris maintains that Manheim Remarketing failed to compensate him for overtime hours worked after February 2015.  (Doc. 18, ¶ 11).  Manheim Remarketing maintains that Mr. Norris was compensated appropriately for all hours worked because the MCA exemption applied to Mr. Norris even after

February 2015. (Doc. 18, ¶¶ 11, 13).  This bona fide dispute supports the parties' proposed settlement.  Based on the Court's review of the proposed settlement agreement and the information that the parties submitted in writing and during a settlement hearing, the Court finds that the method used to calculate the disputed unpaid wages is fair and reasonable under the circumstances of this case, and settlement proceeds represent a fair and reasonable compromise based on the existing evidence regarding unpaid wages.[2]

The parties negotiated, and Manheim Remarketing does not object to, attorney's fees of $3,250.00.  The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352); *see also Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1290–91 (N.D. Ala. March 11, 2014) (noting that even where payment of attorney's fees does not reduce the compensation negotiated for and payable to an FLSA plaintiff, "the court is required to review for fairness and approve the fee and expenses proposed to be paid by the defendants in the settlement.") (citing *Silva*, 307 Fed. Appx. at 349).

---

[2] The Court held a hearing on the motion for settlement approval on August 19, 2015.  A transcript is available upon request.

Based on the documentation describing the legal work that Mr. Norris's attorney performed in this case and after review of the settlement agreement, the Court finds that the attorney's fee of $3,250.00 is fair and reasonable. (Doc. 18-1, Doc. 18-2). It does not appear this attorney's fee award in any way compromises the plaintiff's recovery. Accordingly, the Court finds that the agreed attorney's fee adequately compensates Mr. Norris's counsel and does not taint Mr. Norris's recovery.

## III.   CONCLUSION

For the reasons stated above, the Court approves the parties' proposed settlement of Mr. Norris's FLSA claim. The Court concludes that there is a bona fide dispute regarding the FLSA claim, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute. Therefore, the Court approves the FLSA settlement. By separate order, the Court will dismiss this action.

**DONE** and **ORDERED** this August 21, 2015.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE